UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------
KIKU W.,

                        Plaintiff,        <u>DECISION AND ORDER</u>
                                             1:25-CV-05186-GRJ

     v.

COMMISSIONER OF SOCIAL SECURITY,

                        Defendant.
------------------------------------------------------
GARY R. JONES, United States Magistrate Judge:

In September of 2022, Plaintiff Kiku W.[1] applied for Disability Insurance Benefits and Supplemental Security Income Benefits under the Social Security Act. The Commissioner of Social Security denied the applications.  Plaintiff, represented by McChesney and McChesney, P.C., Mark Nicholas Dunning, Esq., of counsel, commenced this action seeking judicial review of the Commissioner's denial of benefits under 42 U.S.C. §§ 405 (g) and 1383 (c)(3).  The parties consented to the jurisdiction of a United States Magistrate Judge. (Docket No. 6).

This case was referred to the undersigned on April 21, 2026. Presently pending are the parties' competing requests for judgment on the

---

[1] Plaintiff's name has been partially redacted in compliance with Federal Rule of Civil Procedure 5.2 (c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

1

pleadings pursuant to Rule 12 (c) of the Federal Rules of Civil Procedure. For the following reasons, Plaintiff's request is due to be denied, the Commissioner's request is granted, and this case is dismissed.

## I. BACKGROUND

### A. Administrative Proceedings

Plaintiff applied for benefits on September 1, 2022, alleging disability beginning August 30, 2022. (T at 299, 312).[2]  Plaintiff's applications were denied initially and on reconsideration.  She requested a hearing before an Administrative Law Judge ("ALJ").

A hearing was held on November 30, 2023, before ALJ Brian Kanner. (T at 81-88). Plaintiff appeared with an attorney and testified. (T at 86-87).

A second hearing was held on April 9, 2024, before a new ALJ, Alexander Borre. (T at 44-80). Plaintiff appeared with an attorney and testified. (T at 50-71). The ALJ also received testimony from Becky Johnson, a vocational expert. (T at 71-79).

### B. ALJ's Decision

On July 18, 2024, ALJ Borre issued a decision denying the applications for benefits. (T at 7-28).  The ALJ found that Plaintiff meets the insured status requirements of the Social Security Act through March 31,

---

[2] Citations to "T" refer to the administrative record transcript at Docket No. 7.

2027, and had not engaged in substantial gainful activity since August 30, 2022 (the alleged onset date). (T at 13).

The ALJ concluded that Plaintiff's left ankle fracture (status post-surgery); major depressive disorder; and generalized anxiety disorder were severe impairments as defined under the Act. (T at 13).

However, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 CFR Part 403, Subpart P, Appendix 1. (T at 14).

At step four of the sequential analysis the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform sedentary work, as defined in 20 CFR 404.1567 (a), with the following limitations: she cannot climb ladders, ropes, or scaffolds; can only occasionally climb ramps and stairs; occasionally balance, stoop, kneel, crouch and crawl; can understand, remember and carry out simple instructions; can tolerate occasional simple changes to the work environment; and must use a cane to ambulate. (T at 16).

The ALJ concluded that Plaintiff could not perform her past relevant work as a personal attendant or sales party planner. (T at 20).

However, considering Plaintiff's age (44 on the alleged onset date), education (at least high school), work experience, and RFC, the ALJ

determined that there were jobs that exist in significant numbers in the national economy that Plaintiff could have performed as of the date last insured.  (T at 21-23).

As such, the ALJ found that Plaintiff had not been under a disability, as defined under the Social Security Act, and was not entitled to benefits for the period between August 30, 2022 (the alleged onset date) and July 18, 2024 (the date of the ALJ's decision). (T at 22).

On April 18, 2025, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. (T at 1-6).

C.    Procedural History

Plaintiff commenced this action, by and through her counsel, by filing a Complaint on June 20, 2025. (Docket No. 1).  On September 15, 2025, Plaintiff filed a brief requesting judgment on the pleadings. (Docket No. 8). The Commissioner interposed a brief in opposition to Plaintiff's request and requesting judgment on the pleadings, on February 20, 2026. (Docket No. 16).  On March 6, 2026, Plaintiff submitted a reply brief in further support of her request. (Docket No. 17).

## II.  APPLICABLE LAW

### A.  Standard of Review

"It is not the function of a reviewing court to decide de novo whether a claimant was disabled." *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir. 1999). The court's review is limited to "determin[ing] whether there is substantial evidence supporting the Commissioner's decision and whether the Commissioner applied the correct legal standard." *Poupore v. Astrue*, 566 F.3d 303, 305 (2d Cir. 2009) (per curiam).

The reviewing court defers to the Commissioner's factual findings, which are considered conclusive if supported by substantial evidence. *See* 42 U.S.C. § 405(g). "Substantial evidence" is "more than a mere scintilla" and "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Lamay v. Commissioner of Soc. Sec.*, 562 F.3d 503, 507 (2d Cir. 2009) (internal quotations omitted) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

"In determining whether the agency's findings are supported by substantial evidence, the reviewing court is required to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (internal quotations omitted).

"When there are gaps in the administrative record or the ALJ has applied an improper legal standard," or when the ALJ's rationale is unclear, remand "for further development of the evidence" or for an explanation of the ALJ's reasoning is warranted. *Pratts v. Chater*, 94 F.3d 34, 39 (2d Cir. 1996).

## B.    Five-Step Sequential Evaluation Process

Under the Social Security Act, a claimant is disabled if he or she lacks the ability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than 12 months ...."  42 U.S.C. § 423(d)(1)(A).

A claimant's eligibility for disability benefits is evaluated pursuant to a five-step sequential analysis:

1. The Commissioner considers whether the claimant is currently engaged in substantial gainful activity.

2. If not, the Commissioner considers whether the claimant has a "severe impairment" which limits his or her mental or physical ability to do basic work activities.

3. If the claimant has a "severe impairment," the Commissioner must ask whether, based solely on medical evidence, claimant has an impairment listed in Appendix 1 of the regulations. If the claimant has one of these enumerated impairments, the Commissioner will automatically consider him disabled, without

considering vocational factors such as age, education, and work experience.

4. If the impairment is not "listed" in the regulations, the Commissioner then asks whether, despite the claimant's severe impairment, he or she has residual functional capacity to perform his or her past work.

5. If the claimant is unable to perform his or her past work, the Commissioner then determines whether there is other work which the claimant could perform.

See Rolon v. Commissioner of Soc. Sec., 994 F. Supp. 2d 496, 503 (S.D.N.Y. 2014); see also 20 C.F.R. §§ 404.1520(a)(4)(i)–(v), 416.920(a)(4)(i)–(v).

The claimant bears the burden of proof as to the first four steps; the burden shifts to the Commissioner at step five. See Green-Younger v. Barnhart, 335 F.3d 99, 106 (2d Cir. 2003). At step five, the Commissioner determines whether the claimant can perform work that exists in significant numbers in the national economy. See Butts v. Barnhart, 416 F.3d 101, 103 (2d Cir. 2005); 20 C.F.R. § 404.1560(c)(2).

### III.  DISCUSSION

Plaintiff frames her challenge to the ALJ's decision as an argument about the ALJ's consideration of her subjective complaints.  Plaintiff's essential argument, however, is that the ALJ failed to adequately develop the record.

Plaintiff testified to disabling physical and mental limitations. (T at 51-71).  The ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, but concluded that Plaintiff's statements as to the intensity, persistence, and limiting effects of those symptoms were not entirely consistent with the record. (T at 17).  The ALJ concluded that Plaintiff retained the RFC to perform a reduced range of unskilled, sedentary work. (T at 16).

In reaching this conclusion, the ALJ noted that there was "very little medical evidence of record during the period at issue." (T at 17).  This is unquestionably correct.  The record contains evidence of two physical health appointments during the relevant period—an urgent care visit related to eye, nasal, and sinus symptoms and an annual physical with a primary care provider. (T at 492-93, 512-15).  The record contains only two reports of mental health visits from the relevant period, February of 2023 and March of 2024. (T at 459, 508, 516, 518).  Plaintiff did not attend either of the scheduled consultative examinations and did not provide a function report for the ALJ to consider. (T at 17, 156-57, 164).

Social Security proceedings are non-adversarial and the ALJ is obliged "to investigate the facts and develop the arguments both for and against granting benefits." *Sims v. Apfel*, 530 U.S. 103, 111, 147 L. Ed. 2d

80, 120 S. Ct. 2080 (2000) (citation omitted). This obligation applies even if the claimant is represented by counsel. *See, e.g., Rosa v. Callahan*, 168 F.3d 72, 79 (2d Cir. 1999)(citing *Perez v. Chater*, 77 F.3d 41, 47 (2d Cir. 1996)).

The ALJ's duty to develop the record has been described as a "bedrock principle of Social Security law." *Batista v. Barnhart*, 326 F.Supp.2d 345, 353 (E.D.N.Y.2004)(citing *Brown v. Apfel*, 174 F.3d 59 (2d Cir.1999)).

However, the ALJ's "obligation to assemble the claimant's medical records, although robust, 'is not unlimited.'" *Clarke v. Comm'r of Soc. Sec.*, No. 19-CV-7213 (BCM), 2021 WL 2481909, at *13 (S.D.N.Y. June 16, 2021)(quoting *Myers ex rel. C.N. v. Astrue*, 993 F. Supp. 2d 156, 163 (N.D.N.Y. 2012)).

Fundamentally, the ALJ's duty to develop the record notwithstanding, "[t]he claimant bears the burden of proving that she suffers from a disability." *Cage v. Comm'r of Soc. Sec.*, 692 F.3d 118, 123 (2d Cir. 2012)(quoting *Swainbank v. Astrue*, 356 F. App'x. 545, 547 (2d Cir. 2009)).

In *Jordan v. Comm'r*, 142 F. App'x 542, 543 (2d Cir. 2005), the Second Circuit affirmed the denial of benefits even though the ALJ did not contact or obtain records from the claimant's treating physician.

9

Likewise, in *Frye v. Astrue*, 485 F. App'x 484, 488 n.2 (2d Cir. 2012), the court found the record "fully developed" where the ALJ held the record open "so that counsel could submit additional evidence, contacted counsel when no further evidence was received, and, at counsel's request, granted an extension of time to obtain evidence." *Id.*

In the present case, at both administrative hearings, the ALJ brought the paucity of records to the attention of Plaintiff's counsel, highlighted Plaintiff's failure to appear for consultative examinations, held the record open to allow for supplementation, told counsel they could request an additional extension of time if needed, and offered to assist counsel in obtaining records. (T at 49, 79-80, 83-86).

Based on the foregoing facts, the Court finds that the ALJ satisfied his duty to develop the record. *See Torres v. Colvin*, No. 12 CIV. 6527 ALC SN, 2014 WL 4467805, at *6 (S.D.N.Y. Sept. 8, 2014) ("Because the record was held open and Plaintiff failed to provide supplemental evidence, the ALJ fulfilled his duty to develop the record."); *Perry v. Saul*, No. 19-CV-525F, 2020 WL 5544347, at *5 (W.D.N.Y. Sept. 16, 2020)("An ALJ … does not err in failing to develop the record where the claimant's counsel advises she is seeking the missing records, the ALJ keeps the administrative record open to allow for supplementation, but counsel never submits the additional

records, and the claimant never requests the ALJ's assistance in obtaining the records.").

Plaintiff also contends that the ALJ improperly discounted her complaints of disabling pain and limitation based on the lack of treatment without giving adequate consideration to barriers she experienced with respect to seeking care.

It is well-settled that while "an ALJ may properly consider a claimant's noncompliance with recommended treatment when evaluating the consistency of her subjective symptoms with the overall record, the ALJ may not discount a claimant's subjective symptoms based upon noncompliance with treatment recommendations without first considering potential explanations for the noncompliance." *Amanda W. v. Comm'r of Soc. Sec.*, No. 22-CV-0286MWP, 2024 WL 3886209, at *4 (W.D.N.Y. Aug. 21, 2024); *see also Greene v. Berryhill*, No. 3:17-CV-01241 (JCH), 2018 WL 8646666, at *8 (D. Conn. Aug. 10, 2018)("Before drawing an inference, the ALJ must consider 'possible reasons [the claimant] may not comply with treatment or seek treatment consistent with the degree of his or her complaints.").

Here, the ALJ questioned Plaintiff about her barriers to treatment during the second administrative hearing (T at 55-56) and expressly

acknowledged that there was "evidence that [Plaintiff's] financial situation and lack of transportation could have contributed to the lack of treatment compliance." (T at 17).

Plaintiff's counsel argues that the ALJ should have questioned Plaintiff more extensively regarding her struggles in seeking and obtaining treatment.  Notably, however, Plaintiff's counsel was given the opportunity to question Plaintiff during both administrative hearings and did not ask *a single question* regarding the lack of treatment and/or missed consultative examination appointments. (T at 65-71, 86-87).

The record also evidences that neither Plaintiff nor her attorney responded to multiple attempts to reschedule the consultative examinations: "Claimant did not attend scheduled exams and neither claimant or their representative responded to the attempts to contact them." (T at 156); "Rep/clmt were contacted on 4/7/23 and 4/27/23 to ask about treatment and willingness to attend CEs. No response." (T at 164). *See Matta v. Colvin*, No. 13CIV5290CSJCM, 2016 WL 524652, at *10 (S.D.N.Y. Feb. 8, 2016)("Where claimants have refused to acknowledge, attend, or cooperate at scheduled consultative examinations or have failed to argue that they had good reasons for not attending such examinations, courts

12

have rejected claims that the ALJ failed to develop the record.")(collecting cases).

In addition, the ALJ did not rely exclusively on the sparse treatment history in assessing Plaintiff's subjective complaints and/or in making the RFC determination.

Rather, the ALJ also addressed the medical evidence from the relevant time period, gave appropriate weight to Plaintiff's activities of daily living, and considered evidence (including consultative examinations) from a prior application for benefits filed by Plaintiff. (T at 17-20). *See Weed Covey v. Colvin*, 96 F. Supp. 3d 14, 33 (W.D.N.Y. 2015) ("[T]he ALJ was permitted to consider [p]laintiff's noncompliance with treatment as a factor weighing against [p]laintiff's credibility[;] ... [t]he fact that the ALJ did not explicitly reference [p]laintiff's alleged mental impairments as a cause for noncompliance does not mean that it was not considered"); *Thomas v. Comm'r of Soc. Sec. Admin.,* 479 F. Supp. 3d 66, 90 (S.D.N.Y. 2020) ("Thus, this is not a case where the ALJ either 1) failed to inquire about why the claimant had discontinued treatment or failed to seek treatment in the first place or 2) discounted evidence where the claimant had a valid reason for not seeking or continuing treatment, such as an inability to afford treatment.").

13

Lastly, this is not a case where the ALJ dismissed the claimant's complaints and evidence of impairment.  Rather, the ALJ found Plaintiff limited to a reduced range of unskilled work. (T at 16).  This is a more restrictive finding than any of the medical opinions of record. *See Baker o/b/o Baker v. Berryhill*, No. 1:15-CV-00943-MAT, 2018 WL 1173782, at *2 (W.D.N.Y. Mar. 6, 2018)("Where an ALJ makes an RFC assessment that is *more* restrictive than the medical opinions of record, it is generally not a basis for remand.")(emphasis in original)(collecting cases); *see also Rosa v. Callahan*, 168 F.3d 72, 29 (2d Cir. 1999)(noting that "the ALJ's RFC finding need not track any one medical opinion").

Plaintiff is a sympathetic figure who clearly did not receive vigorous, diligent advocacy from her counsel.  However, under the deferential standard of review applicable here, and given the ALJ's efforts to develop the record, as discussed above, the Court must sustain the denial of benefits. *See Vincent v. Shalala*, 830 F. Supp. 126, 129 (N.D.N.Y. 1993)(recognizing that "the temptation to blur the distinction between individual need and statutory eligibility is strong; but our authority as judges often fails to match our sympathy for our fellow human beings")(quoting *Singletary v. Sec'y of Health & Human Services*, 623 F.2d 217, 220 (2d Cir.1980) (Meskill, J., dissenting)).

14

## IV.  CONCLUSION

For the foregoing reasons, Plaintiff's request for judgment on the pleadings is DENIED; the Commissioner's request for judgment on the pleadings is GRANTED; and this case is DISMISSED. The Clerk is directed to enter final judgment in favor of the Commissioner and then close the file.


Dated: June 8, 2026                         *s / Gary R. Jones*
                                            GARY R. JONES
                                            United States Magistrate Judge

15